Westbrook, J.
The plaintiff had a verdict in this action for $1,000, which the defendant moves on the judge’s minutes to set aside.
The trial disclosed the following facts : The plaintiff war a resident of the city of Albany, and on the 24th day of February, 1881, he went to the city of New York to purchase goods for his employers, W. M. Whitney & Go. of Albany. He returned during the evening of the following day by the *418 railroad of the defendant on the train leaving ISTew York at six o’clock p. m. On his arrival at the city of Albany he did not leave the depot grounds by. Steuben street, which is on a level with the depot, but on coming out of its front entrance on the westerly side he went southerly along the depot building and then down severa' steps to Maiden lane. The depot and grounds though on a level with Steuben street are considerably higher than Maiden lane. A stone stairway, maintained and kept by the defendant, is the mode of ingress and egress to or from Maiden lane, from or to the depot grounds of the defendant in the city of Albany. The plaintiff when he went to ISTew York did so by the road of the defendant, entering the depot by Steuben street. ■ When he returned, however1, as already stated, he left the grounds by the stone stairway to Maiden lane. His claim was that the stairs were icy and dangerous and had been so for a considerable period of time, and that while descending the stairs, using all due care, he slipped and fell, breaking the bones of the two middle fingers of his right hand.
At the close of the plaintiffs case and also when the testimony was complete, the defendant moved to nonsuit the plaintiff on the grounds that negligence by the defendant in removing snow and ice from the steps had not been shown; and that the absence of contributory negligence by the plaintiff did not affirmatively appear, but, on the contrary, the undisputed evidence showed that he was guilty of contributory negligence. The motion was denied and both questions were submitted to the jury as issues of fact to be determined by them. To the refusal to nonsuit and to the submission of the questions to the jury there were proper exceptions taken by the defendants, upon which, and upon the further ground that the verdict is against evidence, a motion is made for a new trial.
Upon the first point, the failure to prove negligence by the defendant in removing the ice and snow from the stairs, there was, as it seems to me, no error committed. While the defendant showed by its employes that it had been diligent in *419 removing all snow and ice, yet on the other hand there was evidence on the part of the plaintiff that the snow and ice had been upon the steps several days. What was the truth in that particular was a question of fact, and whether or not, if the jury believed the witnesses of the plaintiff rather than . those of the defendant, the defendant had been guilty of negligence in failing to remove such snow and ice, was also a question of fact. Upon the other, however, the contributory negligence of the plaintiff, there is very serious difficulty. There was a rail on both sides of the stairway, placed there for the protection of the persons using it. The plaintiff discovered the condition of the stairs when he reached the second step, because he slipped there, and as he testified, “ came very near falling.” Though thus warned of his danger he did not avail himself of the protection afforded by the rail on either side. On the contrary, he admitted upon the witness stand, that while he knew there was a rail on one side, at least, he continued on his way without resorting to its help, which unoccupied hands and arms enabled him to utilize, until he got half way down stairs, when he fell and sustained the injury before mentioned. Other persons following the plaintiff and others preceding him, went down in safety. Mr. Arthur J. Stone, one of his witnesses, who arrived at the foot of the steps just as the plaintiff fell, testified that he went down the stairs in safety, because, as he said, tk he had hold of the rail and so experienced no difficulty.” The question, therefore, which is presented is this: When a person who is walking on a dangerous and slippery place, persists in doing so without using, as he might readily and easily do, the safeguards there placed for his protection and support, is he or is he not, if he falls and is injured, guilty of contributory negligence ? It will not be denied that a case can be conceived when the failure to use a safeguard against injury might not be negligence, or in which, at least, it might be a serious question of fact. But when the facts are, as in this case, undisputed, when the person injured knew he was walking upon slippery steps upon *420 which he was liable to fall, and knowing that he could protect himself by grasping a rail placed there for that purpose, yet proceeds with full knowledge of his peril and of his neglect of a means of safety, can there then be a question for the jury, and do not the conceded facts demonstrate that the person injured was clearly guilty of contributory negligence ? If a person on ,a sinking steamer, with full consciousness of his peril and so cool and collected as to know of the presence of a life preserver, should refuse the use of such preserver and drown, or if in the water, with his senses not disturbed by fright, he should deliberately refuse a proffered rope which he could easily seize and be rescued, there would in neither case be room to doubt the presence of contributory negligence. And so in this case, a man who has not lost his senses by fright, sees his peril, refuses a proffered support at hand, goes on over a dangerous road and is injured. Gan there be a question as to the contributory negligence ?
In Durkin agt. The City of Troy (61 Barb., 437) the plaintiff, in walking on an icy place on a sidewalk in the city of Troy when he could have avoided it, fell and was injured. The court held that as plaintiff saw the ice, and was also warned of it at the time, “ he was not in a situation to charge his injury to the default of the city, if the city was in default, and should therefore have been nonsuited.”
In City of Erie agt. Magill (101 Penn., 616) the plaintiff, who fell in crossing a dangerous ridge of ice upon the sidewalk, claimed to recover for the injury sustained by the fall because of “ the negligence of the defendant in permitting a dangerous ridge of ice to accumulate and remain for an unreasonable time on the sidewalk where she fell while lawfully walking thereon.” The defendant “ claimed that it appeared by the plaintiff’s own testimony that the plaintiff was guilty of contributory negligence in attempting to cross the ridge of ice, having full knowledge of its dangerous condition, when she could easily have avoided it by walking around where there was a safe passage.” The trial court refused to nonsuit, *421 but submitted as a question of fact to the jury whether or not the plaintiff was guilty of contributory negligence. The jury found for the plaintiff. The supreme court of Pennsylvania granted a new trial, holding that it was not a question of fact for the jury and that the plaintiff should have been nonsuited. Justice Green, in delivering the opinion of the court, quotes approvingly from the case of Durkin agt. Troy and concludes thus: “ In Butterfield agt. Forrester (11 Fast, 60) lord Ellenborough, C. J., said: ‘ A party is not to cast himself upon an obstruction which has been made by the fault of another and avail himself of it, if he do not himself use common and ordinary caution to be in the right.’ These principles are quite familiar and could be sustained, if necessary, by an extensive citation of authorities, but that is not requisite.”
It is not seen why the principle which controlled the cases cited is not applicable to the present. Indeed, it would seem that the facts are stronger against the plaintiff in this case than they were against the plaintiff in either of the others. Whether or not a certain piece of ice is so dangerous that it is carelessness not to avoid it might possibly, in the absence of a demonstration that it was dangerous by an attempt to pass it, be questioned. But of the danger which the plaintiff incurred in passing down those steps he had warning in the slip and almost a fall on the second step, he not only saw but felt the peril, and he yet proceeds refusing the help of the rail. If a person, who was to his knowledge protected in some way from slipping, had stepped to his side upon the first slip and proffered aid in the descent and lie had refused it would he not have been negligent ? Wherein docs his conduct differ from that of the supposed case? The aid was proffered, the presence of the rail was the offer of help, and was refused. Ilis friend not so reckless accepts and proceeds in safety, but he declines and is injured. Is not the proof of negligence complete ?
How this case upon a cool review impresses me has now been *422 frankly stated. It is clear to my judgment that as matter of law the plaintiff should be held guilty of contributory negligence. The jury, however, to whom the facts were sent to obtain their judgment upon the question of negligence, have by their verdict said there was no contributory negligence by the plaintiff. Their error, however, and that of the trial court in submitting the issue to them, if any was committed, ought to be corrected by an appeal by the defendant, and the plaintiff should not be subjected to the expense of maintaining his verdict by an appeal from an order setting it aside. The plaintiff should not in my judgment be deprived of the benefit of his verdict unless the court of last resort decides that there was no question of fact to be passed upon by the jury. If that court should eventually hold that the question was one of fact, then the plaintiff would be wronged by the granting of a new trial. The maintainance of the present verdict until it reaches the court of last resort, where the case ought to and doubtless will eventually go, will enable that tribunal to settle the questions involved without the cost of a second trial. If the general term, however, thinks otherwise it can grant a new trial. It seems to me though, that the denial of the present motion places the cause in the best position to review at the least possible expense to both parties the questions discussed. With this object in view the direct presentation of the questions to the court of appeals, but with a clear conviction what that decision should be, the motion for a new trial is denied.